FILED

2010 JUL -1  AM 8: 13

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff/Respondent,<br>vs.<br><br>GENEVIEVE MARTINEZ,<br><br>                   Defendant/Petitioner. | CASE NO. 07cv1506 BEN<br>       (04cr3250 BEN)<br><br>ORDER DENYING PETITIONER'S MOTION TO REDUCE OR VACATE SENTENCE<br><br>[28 U.S.C. § 2255] |

Before this Court is Defendant/Petitioner Genevieve Martinez ("Petitioner's") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion"), claiming (1) ineffective assistance of counsel (Ground 1); (2) breach of the Plea Agreement (Ground 2); (3) her sentence exceeded the statutory maximum (Ground 3); and (4) improper denial of the "safety valve" downward departure at sentencing (Ground 4).

For the reasons set forth below, the Court **DENIES** Petitioner's Motion to Reduce or Vacate Sentence.

## RELEVANT BACKGROUND

On December 10, 2004, Petitioner drove across the California-Mexico border at the East Port of Entry in Calexico, California. The border inspectors found approximately 43 kilograms of cocaine hidden in her vehicle.

On December 22, 2004, a federal grand jury indicted Petitioner on one count of importation

1  of cocaine under 21 U.S.C. §§ 952 and 960, and one count of possession of cocaine with intent to
2  distribute under 21 U.S.C. § 841(a)(1).

3        On February 23, 2005, Petitioner pled guilty pursuant to a written plea agreement to the first
4  count of importation of cocaine under 21 U.S.C. §§ 952 and 960.

5        On August 11, 2005, this Court accepted Petitioner's guilty plea and, based thereon, imposed
6  the mandatory minimum term of 120 months imprisonment after finding Petitioner was ineligible for
7  a "safety valve" downward departure.

8        On August 16, 2005, Petitioner filed a Notice of Appeal, appealing the Court's sentence to the
9  Court of Appeals for the Ninth Circuit. (Docket No. 41.) On January 26, 2006, the Ninth Circuit
10 entered an order dismissing Petitioner's appeal "in light of the valid appeal waiver." (Ninth Circuit
11 Case No. 05-50699, Docket No. 9.)

12       On August 8, 2007, Petitioner filed a Motion to Reduce or Vacate Sentence ("Motion")
13 pursuant to 28 U.S.C. §2255, which is currently pending before this Court. (Docket No. 51.)

14       On January 24, 2008, Respondent filed its Response and Opposition ("Opposition") to the
15 Motion. (Docket No. 54.)

16       On May 8, 2008, Petitioner filed a reply to the Opposition, titled "Affidavit." (Docket No. 58.)

17       For the reasons set forth below, the Court **DENIES** Petitioner's Motion to Reduce or Vacate
18 Sentence.

## DECISION

### I. PETITIONER'S MOTION IS BARRED BY THE STATUTE OF LIMITATIONS

The Court finds that Petitioner's Motion is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f).

Section 2255 of title 28 of the United States Code provides in relevant part,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented

|   |   |   |
|---|---|---|
|   |   | from making a motion by such governmental action; |
|   | (3) | the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to the cases on collateral review; or |
|   | (4) | the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. |

28 U.S.C. § 2255(f).

Here, the Court entered judgment on August 12, 2005 (Docket No. 40), but Petitioner did not file her Section 2255 motion until August 8, 2007 (Docket No. 51), i.e., almost two years later. Even if the Court were to toll this time for five months based on Petitioner's appeal, the one-year limitation period still bars Petitioner's Motion. The Court notes, however, that tolling does not apply because only properly filed appeals may toll the statute of limitations. In this case, Petitioner knowingly waived her right to appeal and yet still filed a notice of appeal; therefore, her appeal was not properly filed for purposes of tolling. (Opp., Ex. 1 at pg. 8 and Ex. 4 at 30:11-20 (Petitioner acknowledging she waived her right to appeal)).

The Court further notes Petitioner has not alleged that, for purposes of Section 2255(f), an impediment was created by governmental action or that her attempts to file the Section 2255 Motion were otherwise impeded. Likewise, Petitioner has not asserted a right that has been recently recognized by the Supreme Court as retroactive. Finally, Petitioner does not contend that the facts supporting her claim were not available to her at the time of sentencing or that she could not have discovered those facts through due diligence. Therefore, there is no justification for applying a later stating date for the one-year statute of limitations under Section 2255(f). Accordingly, the Court finds that Petitioner's Motion is time-barred.

II. **PETITIONER WAIVED HER RIGHT TO CHALLENGE HER CONVICTION AND SENTENCE (GROUNDS 2, 3 AND 4)**

Notwithstanding the untimeliness of the Motion, the Court finds Petitioner waived her right to challenge her conviction and sentence. Therefore, Grounds 2, 3 and 4 of the Motion have been waived.

Petitioner's plea agreement includes a waiver provision providing, in relevant part,

> ... Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum, if applicable) recommended by the Government...

(Opp., Ex. 1 at pg. 8.)

The Ninth Circuit regularly enforces knowing and voluntary waivers in criminal cases where the waivers are part of negotiated guilty pleas. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.* at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)). When a waiver is a term of the plea agreement and the defendant states she understands the agreement, she has knowingly and voluntarily waived her right to appeal. *Michlin*, 34 F.3d at 898-99.

The plea agreement's language in this case clearly embraces a waiver of any collateral attack on the imposed sentence, including a Section 2255 motion. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam). The record also reflects that Petitioner's waiver was knowing and voluntary, as evidenced by her initials on each page of the plea agreement and at the end of the agreement. At sentencing, in fact, Petitioner acknowledged she waived her right to appeal and to otherwise collaterally attack her conviction or sentence. (Opp., Ex. 4 at 30:11-20.) The Court found that Petitioner was competent, that there was a factual basis supporting the plea, and that the plea was knowingly and voluntarily made. (Opp., Ex. 2 at 17:4-20, Ex. 3 at pg. 3, and Ex. 4 at 4:17-25.) Therefore, the Court finds that Petitioner's waiver was made knowingly and voluntarily and, thus, is valid.

The exceptions to waiver set forth in the plea agreement also do not apply. Those exceptions include where the Court imposes a sentence greater than the high end of the range recommended by the Government or the statutory mandatory minimum. The record shows that the applicable sentencing range in this case was between 120 and 135 months (Opp., Ex. 4 at 29: 3-16) and that the statutory mandatory minimum was 120 months (*see* 21 U.S.C. §§ 952, 960). On August 11, 2005, the Court imposed a sentence of 120 months (10 years). Therefore, the Court's sentence did not exceed the high end of the sentencing range and did not exceed the statutory mandatory minimum. Thus, the

exceptions to Petitioner's waiver do not apply.

In light of the above, the Court finds that, pursuant to the plea agreement, Petitioner has waived her right to challenge her conviction and sentence.

### III.   PETITIONER HAS NOT SATISFIED THE *STRICKLAND* ELEMENTS SHOWING SHE WAS DENIED A CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

Similar to the above, Petitioner's claim of ineffective assistance of counsel is barred by waiver, except under certain circumstances. *United States v. Racich*, 35 F. Supp. 2d 1206, 1218 (S.D. Cal. 1999), *aff'd*, 215 F.3d 1335 (9th Cir. 2000); *see also United States v. Magueflor*, 220 Fed. Appx. 603, 604-05 (9th Cir. 2007). Notwithstanding waiver and the untimeliness of the Motion, the Court finds Petitioner's claim of ineffective assistance of counsel (Ground 1 of the Motion) lacks merit.

The Sixth Amendment affords each criminal defendant a general right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *United States v. Alferahin*, 433 F.3d 1148, 1160-61 (9th Cir. 2006). Under the United States Supreme Court's decision in *Strickland*, a defendant who complains that his attorney has provided ineffective assistance must demonstrate: (1) the attorney's performance "fell below an objective standard of reasonableness;" and (2) there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88. Petitioner fails to satisfy these elements.

First, the Court finds Petitioner has failed to demonstrate that her counsel's performance "fell below an objective standard of reasonableness." Strategic choices made by counsel are virtually unchallengeable in effective assistance of counsel claims, "[b]ecause advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment." *Strickland*, 466 U.S. at 681. Due to the difficulty of evaluating an attorney's performance in hindsight, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689; *Jeronimo*, 398 F.3d at 1155.

Here, Petitioner alleges her counsel failed to explain the consequences of the plea and that she was not fully informed of the risks in giving consent. (Mot., 11-19.) Specifically, Petitioner alleges that when she signed the plea agreement, she had agreed to a potential 51 to 63-month sentence, not

1  the 120-month sentence imposed. (Mot., pg. 13.) Petitioner also claims her counsel failed to look "for
2  mitigating factors" to lower Petitioner's sentence. The record does not support these allegations.
3  First, the plea agreement specifically stated Petitioner was subject to a 120-month mandatory
4  minimum, unless Petitioner qualified for safety value. (Opp., Ex. 1 at pgs. 3, 6-7.) Second, the Court
5  specifically advised Petitioner that she faced a mandatory minimum sentence of 120 months (10 years)
6  and, in response, Petitioner said she understood the consequences and still consented to the plea.
7  (Opp., Ex. 2 at 11:12-13:21.) Additionally, at sentencing and as evidenced in the plea agreement,
8  Petitioner's counsel pointed to mitigating circumstances on Petitioner's behalf. (Opp., Ex. 4 at 14:19-
9  15:25; see also Docket Nos. 24, 30, 34.) At the end of the sentencing, the Court noted Petitioner's
10 counsel had done an "admirable job advocating your client's position." (Opp., Ex. 4 at 30:21-25.)
11 Under these circumstances, it cannot be said Petitioner's counsel's performance below the standard
12 for criminal counsel.

13 Second, the Court finds Petitioner has failed to show "a reasonable probability that, but for
14 counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,
15 466 U.S. at 688 and 694. As noted, the record shows that the Court imposed the statutory minimum
16 sentence of 120 months, which was at the lower end of the sentencing range permitted by law and
17 recommended by the Government. (Opp., Ex. 4 at 29:3-14.) The Court found, after hearing arguments
18 from both sides, that Petitioner did not qualify for safety valve. (Opp., Ex. 4 at 30:21-32:7.) Petitioner
19 has not explained what more her counsel could have done, if anything, to obtain the safety valve
20 exception. The Court notes the plea agreement expressly states that Respondent may, if appropriate,
21 argue against safety valve at sentencing, which it did. (Opp., Ex. 1 at pgs. 6-7.) Accordingly, the
22 Court finds that Petitioner has failed to show she was prejudiced by any alleged ineffective assistance
23 of counsel.

24 As the Petitioner fails to satisfy the *Strickland* elements, the Court finds Petitioner's claim of
25 ineffective assistance of counsel lacks merit.

## CONCLUSION

For the above stated reasons, the Court **DENIES** Petitioner's Motion to Vacate and Correct

1 | Sentence Under 28 U.S.C. Section 2255 (Docket No. 51).

2 | **IT IS SO ORDERED.**

4 | DATED: 6/30, 2010

Honorable Roger T. Benitez
Judge United States District Court